**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWN ELLIOT MORANT, SR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:23-cv-0054-JDW** |
| | : | |
| **DOCTOR WILLIAM CATTELL,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 8th day of September, 2023, upon review of the Medical Defendants' Motion To Dismiss Plaintiff's Complaint (ECF No. 18), for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **DENIED**.

It is **FURTHER ORDERED** that, for the reasons stated in the accompanying Memorandum, the Motion To Dismiss Plaintiff's Complaint (ECF 2) Of Defendant, Warden Mrs. Cheryl Steberger (ECF No. 23) is **GRANTED**, and Plaintiff's claims against Warden Steberger are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff ultimately seeks leave to amend his Complaint, and he has a basis to assert claims against Warden Steberger that are consistent with my Memorandum, then he may attempt to amend his claims against Warden Steberger.

It is **FURTHER ORDERED** that Plaintiff's Motion For Leave To File An Amended Complaint (ECF No. 27) is **DENIED WITHOUT PREJUDICE** pending the placement of this case on the Prisoner Civil Rights Attorney Panel.

It is **FURTHER ORDERED** that the Clerk of Court shall **REFER** this matter to the Prisoner Civil Rights Attorney Panel for the Eastern District of Pennsylvania for possible appointment of counsel. A copy of the Prisoner Rights Program Description is **ATTACHED** and shall be mailed to Mr. Morant with this Order. The Clerk of Court shall place this case in **CIVIL SUSPENSE** pending the appointment of counsel from the Prisoner Civil Rights Attorney Panel.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

**APPROVED BY BOARD OF JUDGES 6/18/12**

**Prisoner Civil Rights Panel**
**Program Description**

---

The District Court "may request an attorney to represent any [indigent] person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  28 U.S.C. § 1915(e).

In <u>Tabron v. Grace</u>, 6 F.3d 147, 157 (3$^{d}$ Cir. 1993), our Circuit Court of Appeals delineated certain standards for appointment of counsel for a prisoner plaintiff in a §1983 action that has been initiated by the plaintiff acting <u>pro</u> <u>se</u>.  Noting that §1983(d) does not empower a federal court to require an attorney to represent a <u>forma</u> <u>pauperis</u> civil litigant,[1] the <u>Tabron</u> opinion acknowledges the challenges attendant to finding volunteer counsel for prisoner civil rights plaintiffs.

> We have no doubt that there are many cases in which district courts seek to appoint counsel but there are simply none willing to accept appointment.  It is difficult to fault a district court that denies a request for appointment under such circumstances.  We note, however, with cautious optimism, that more lawyers are taking on the responsibility of providing <u>pro</u> <u>bono</u> legal services to indigent litigants. Representation of indigent litigants is not only an important responsibility of members of the bar, but it also provides an excellent opportunity for newer attorneys to gain courtroom experience . . . .  We encourage lawyers within this circuit to volunteer for such service, and we urge the district courts, in this circuit to seek the cooperation of the bar in this regard.  <u>Tabron</u>, 6 F. 3d 147 (3$^{d}$ Cir. 1993).

---

[1]     <u>Mallard v. U.S. District Court</u>, 490 U.S. 296 (1989)

In the past, a volunteer panel of members of the Bar was established. To respond to this call upon the profession to meet this responsibility, members of the Bar, in consultation with Judges of the Eastern District of Pennsylvania, established a panel of lawyers prepared to volunteer their services for such litigants ("Panel"). Over the years, many lawyers have served ably in this Program. In order to encourage additional attorneys to become Panel members and to increase the utility of the Panel, the Court has approved the following revised Program guidelines, after consultation with representatives of the Bar.

1. A "prisoner civil rights action" is an action instituted by a prison inmate for constitutional violations alleged to have occurred during incarceration, or for constitutional violations by law enforcement officers before the inmate was incarcerated that relate to the matter(s) for which the inmate is then incarcerated. This definition does not include <u>habeas</u> <u>corpus</u> actions.

2. Before volunteer representation is requested by the Court pursuant to this Program, all prisoner civil rights actions will be screened by the Court pursuant to § 1915(e)(2).

3. In any calendar year, volunteer law firms with more than 175 lawyers practicing in this District are strongly encouraged to handle at least three such actions contemporaneously. Medium-sized firms (between 100-175 lawyers) participating in this Program are similarly strongly encouraged to handle at least two actions at any one time. Individual practitioners and small firms are strongly encouraged to handle at least one action at a time. Firms and practitioners may volunteer to undertake additional representations. Participating law firms should designate a contact person or persons with whom Court and Bar Program Co-ordinators can communicate concerning the Program.

2

4.     The Clerk's Office of this Court will create and maintain an extranet site that lists the prisoner civil rights actions for which Judges of this Court have granted a Request for Appointment of Counsel ("Granted Cases" or "Order of Appointment" cases).  The extranet will be accessible by Panel members in a manner to be determined by the District.  A trained, designated employee of the Court, acting under the supervision of the Court, will prepare a brief description of each Granted Case to be posted on the extranet.  The Granted Case description will contain a brief summary of the allegations in the complaint as well as a link to the docket of the case.  The Clerk's Office will issue a notice to Panel members each time a new prisoner civil rights action case description for a Granted Case is posted on the extranet.  Panel members are responsible for regularly reviewing the extranet postings to decide whether to accept an Order of Appointment in a given case.  Each member of the Panel is responsible to ensure that the Panel member maintains an inventory of cases consistent with Paragraph 3 above.

5.     A Granted Case will remain on the extranet list until it is selected by a Panel member except as provided herein.  If the case is not selected by any member of the Panel within four (4) months of being placed on the extranet list, the Clerk's Office will send an inquiry to the plaintiff notifying him/her that the case has not been selected and asking if he/she still wants to proceed with the case, with or without counsel.  If no response is received from the plaintiff, and if the case is still not selected by a Panel member, the Clerk's Office will send two more notices, at subsequent 4-month intervals, making the same inquiry.  These notices will advise the plaintiff that a failure to respond to the inquiry may result in revocation of the Granted Case status and/or in dismissal for lack of prosecution.  If no response is received from plaintiff within forty-five (45) days after the third notice (i.e., after twelve (12) months plus 45 days on the extranet list

3

without selection by counsel and without response by the plaintiff), the case will be referred back to the District Court Judge for consideration of revocation of the Granted Case status, the revocation of Order of Appointment or of dismissal.

6.     A Panel member will exert every reasonable effort to accept cases, to provide competent, lawyerlike representation in connection with each accepted case and to continue such representation until a given case is concluded in the District Court.  The Bar and the Court recognize that this commitment is essential to the effective operation of the Panel. Representation will be declined only in cases where counsel reasonably believes that the case would not withstand a motion to dismiss under F.R.C.P. 12 or where there is a legally sufficient conflict of interest.  Counsel are expected to accept cases, and doubts are to be resolved in favor of acceptance.  If upon further review after initial selection by a Panel member (including contact and interview of plaintiff), the selecting attorney reasonably concludes, in keeping with the attorney's exercise of professional judgment, that the attorney is precluded by F.R.C.P. 11 from further representation, that attorney shall so advise the Clerk's Office.  The matter will then be returned to the extranet.  Should this process repeat a second time the case will be returned to the assigned District Court Judge for a determination of whether the Granted Case status should be revoked or whether the Order of Appointment should be vacated.

7.     Counsel will represent the plaintiff as such counsel would represent any client.  If there is to be a fee payment arrangement, such as would occur if plaintiff were the prevailing party (including if by way of a settlement), the arrangement will be in writing and confirmed by the lawyer and client at the outset of the representation in a manner consistent with the disciplinary rules and Rules of Professional Conduct.  With respect to

4

discovery costs and trial expenses, court stenographers and others, including medical experts, are encouraged to charge reduced, *pro bono* rates as some of them now do for other indigent litigants.  Counsel may, but will not be required to, advance costs.  Counsel may apply for reimbursement of costs up to twenty-five hundred dollars ($2,500) per case from the Public Interest Civil Litigation Fund, a non-profit corporation, pursuant to the guidelines of the Public Interest Litigation Fund.  The Court's website will provide a link to a description of how to access the Fund.

8.    The Clerk's Office will maintain a list of Panel members and will monitor the number of cases accepted by each Panel member.  Periodic reports will be issued by the Clerk's Office to the Court and to Bar Program Co-ordinators concerning operation of the Program.

9.    The Public Interest Committee of this Court will appoint a lawyer or lawyers to serve as Bar Program Coordinator(s), who will be available to discuss specific problems and Panel issues with Panel members and the Court and Court's designees.

10.    The Court recognizes that these are public interest representations.  To the extent practicable, the Court will consider this factor in case management and scheduling.  If counsel encounters problems with a correctional system in communicating with a plaintiff, the Court will consider entering an appropriate order requesting the correctional institution's cooperation.  For example, if the attorney needs to have the client-plaintiff brought to the Philadelphia area for trial preparation, the Court, upon appropriate motion, will consider directing that the plaintiff be transferred to an institution in the Philadelphia area for that purpose. Likewise, in appropriate circumstances, the Court's video conferencing

technology may be made available for the use of counsel in communicating with an incarcerated client litigant.

11.   The Court will endeavor to have periodic in-service meetings with Panel members.  Educational and training sessions will be conducted from time to time.

12.    The Court encourages counsel to consider alternative dispute resolution procedures that may be appropriate in certain prisoner civil rights cases and also encourages the correctional system(s) to handle prisoner claims administratively whenever feasible.

13.    The Federal Courts Committee of the Philadelphia Bar Association and interested attorneys in this District will conduct an intensive and ongoing campaign to increase and maintain the number of attorneys and law firms on the Prisoner Civil Rights Panel.  The other county bar associations throughout this District also will be encouraged by the Court to conduct such campaigns.  The Court values and strongly endorses this effort to provide counsel in appropriate cases for persons unable to obtain counsel themselves who assert claims that their civil rights have been violated.  The Court and the Bars will join together to make this Program successful.  From time to time the procedures utilized for this Program may be modified by the Court to improve its operations for the benefit of all concerned.

Adopted by the Judges of the Eastern District of Pennsylvania – June 18, 2012